# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNA J. WILLARD,<br><br>                                Plaintiff,<br><br>  vs.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security<br><br>                              Defendant. | CASE NO. 09-CV-2689 LAB (WMc)<br><br>**REPORT AND RECOMMENDATION: (1) TO GRANT PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; (2) TO DENY DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT; AND (3) REMAND FOR FURTHER PROCEEDINGS [DOC. NOS. 16 and 17.]** |

## I.
## INTRODUCTION

This matter is before the Court on cross-motions for summary judgment. Plaintiff Donna J. Willard brings her motion under § 405(g) of the Social Security Act ("Act"), 42 U.S.C. § 405(g)[1], seeking judicial review of the Commissioner of Social Security's ("Commissioner") final decision denying her claim for Child Insurance Benefits under section 202(d) of the Act. (20 CFR 404.350(a)(5).) Plaintiff asks the Court to reverse the Commissioner's decision and to order remand

---

[1] "Any individual, after any final decision of the Commissioner of Social Security made afer a hearing to which he was a party . . . may obtain judicial review of such decision by a civil action . . . brought in the district court of the United States . . . . The court shall have the power to enter, upon the pleadings and transcripts of the record, a judgment affirming, modifying or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing. The findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g).

the case for hearing on the merits. The Commissioner concurrently seeks summary judgment to affirm the ALJ's decision.

The Court finds the motions appropriate for submission on the papers and without oral argument pursuant to Local Rule 7.1(d)(1). After careful review of the moving and opposition papers, the administrative record, the facts, and the law, this Court recommends Plaintiff's motion for summary judgment be **GRANTED**; Defendant's cross motion to affirm the ALJ decision be **DENIED** and this action be **REMANDED** for further administrative proceedings.

## II.

## PROCEDURAL HISTORY

Plaintiff has previously filed four separate applications for Supplemental Security Income (SSI) based on her own record in 1974, 1976, 1979 and 1980. *See* Administrative Record ("AR") at 14-15, 59, 61-62. Her applications from 1974, 1976 and 1979 were denied. AR at 59, 61-62. However, Plaintiff's SSI application from December 1980 was granted. AR at 14-15.

On August 24, 2006, Plaintiff applied for Child's Insurance Benefits based on her deceased mother's eligibility. AR at 40-43. Plaintiff's mother died on May 3, 1968. AR at 40. Plaintiff's application was denied initially and also on reconsideration. AR at 20-22, 24-26. Plaintiff's request for a hearing was timely filed. AR at 27. The ALJ dismissed Plaintiff's request for hearing and issued a decision on November 20, 2007, finding the claimant was not entitled to child's insurance benefits because the principles of res judicata precluded any finding of disability before Plaintiff reached the age of 22. AR at 15-16. The decision of the Social Security Administration became final when the Appeals Council adopted the ALJ's findings on November 3 2009. AR at 3-5.

On December 1, 2009, Plaintiff filed the instant complaint pursuant to §405(g) of the Act in order to obtain judicial review of a "final decision" from the Commissioner of the Social Security Administration ("Commissioner") denying her claim for Child's Insurance Benefits. [Doc. No. 1.] Defendant filed an answer to the complaint on June 7, 2010. [Doc. No. 10.]

On September 3, 2010, Plaintiff filed a motion for summary judgment [Doc. No. 16] and Defendant filed a cross-motion for summary judgment on December 17, 2010**.** [Doc. No. 17.] Both motions were found suitable for decision without oral argument and taken under submission.

## III.

## DISCUSSION

**1.      Legal Standard**

Section 405(g) of the Act allows unsuccessful applicants to seek judicial review of a final agency decision of the Commissioner. 42 U.S.C. § 405(g). The scope of judicial review is limited. The Commissioner's denial of benefits "will be disturbed only if it is not supported by substantial evidence or is based on legal error." *Brawner v. Secretary of Health and Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988) (citing *Green v. Heckler*, 803 F.2d 528, 529 (9th Cir. 1986)).

Substantial evidence means "more than a mere scintilla" but less than a preponderance. *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997) (citation omitted). "[I]t is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). The court must consider the record as a whole, weighing both the evidence that supports and detracts from the Commissioner's conclusions. *Desrosiers v. Secretary of Health & Human Servs.*, 846 F.2d 573, 576 (9th Cir. 1988) (citing *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir.1985)). If the evidence supports more than one rational interpretation, the court must uphold the ALJ's decision. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). When the evidence is inconclusive, "questions of credibility and resolution of conflicts in the testimony are functions solely of the Secretary." *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982).

Even if the reviewing court finds substantial evidence supports the ALJ's conclusions, the court must set aside the decision if the ALJ failed to apply the proper legal standards in weighing the evidence and reaching his or her decision. *See Benitez v. Califano*, 573 F.2d 653, 655 (9th Cir. 1978). Section 405(g) permits a court to enter a judgment affirming, modifying, or reversing the Commissioner's decision. 42 U.S.C. § 405(g). The reviewing court may also remand the matter to the Social Security Administrator for further proceedings. *Id*.

**2.      The ALJ's Decision**

The Social Security Act provides for the payment of a child's benefits on the earnings record of an insured person who has died if the claimant is 18 years old or older and has a disability that

began before attaining the age of 22. (20 CFR 404.350(a)(5).) The ALJ found Plaintiff failed to establish a disability which commenced before she reached age 22 by virtue of final determinations made in her previous SSI applications and therefore was not entitled to child's benefits. AR at 15. Specifically, the ALJ found:

> "As a procedural matter, the claimant currently alleges a disability onset date of July 15, 1968. However, the Administration determined that the claimant was not disabled from January 1, 1974, (the claimant's alleged disability onset date in her first claim) through the date of the final determination in 1974....
>
> *In all four SSI applications, despite having had the opportunity to allege any disability onset date, the claimant failed to allege that she was disabled prior to attaining age 22. It was not until she turned 58 years old that she first alleged that she was disabled prior to July 15, 1970* [the date at which Plaintiff reached 22 years of age].
>
> Accordingly, based on the foregoing, the undersigned finds that the principles of res judicata bar any consideration of the period prior to April 29, 2974, the filing date of her first SSI application. Therefore, the claimant cannot be considered "disabled" prior to attaining age 22 and is not entitled to child's insurance benefits."

*See* AR at 16. [emphasis added].

**3. Plaintiff's Contention**

As the basis for her motion for summary judgment, Plaintiff argues: (1) the record lacks substantial evidence of an identical issue required by the doctrine of res judicata in Plaintiff's recent Child's Insurance Benefits application and any of her SSI applications from 1974, 1976 and 1979; and (2) an unadjudicated period between the alleged onset date of July 15, 1968 and Plaintiff's first SSI application date of April 29, 1974 exists which further precludes application of the res judicata doctrine. [*See* Plaintiff's Motion, Doc. No. 16-1 at 4.]

**4. The Commissioner's Application of Res Judicata Is Not Supported By Substantial Evidence And Was In Error**

"The principles of res judicata apply to administrative decisions, although the doctrine is applied less rigidly to administrative proceedings than to judicial proceedings." *Chavez v. Bowen*, 844 F.2d 691, 693 (9th Cir. 1988). Administrative res judicata "applies generally in Social Security cases [and] can be invoked both by a claimant and by the Social Security Administration." *Bloch on Social Security* § 5:18 (2008). Res judicata applies if the Commissioner has "made a previous determination or decision ... about [a claimant's] rights on the same facts and on the same issue or issues, and this previous determination or decision has become final by either administrative or judicial action." 20

C.F.R. §§ 404.957(c)(1); 416.1457(c)(1).

After a review of the entire Administrative Record in this action, the Court finds it lacking in substantial evidence to demonstrate the same issues presented in Plaintiff's August 24, 2006 application for Child's Insurance Benefits were also presented in Plaintiff's SSI applications in 1974, 1976 and 1979. Indeed, the Administrative Record does not contain Plaintiff's earlier applications for comparison and the ALJ's decision does not identify or cite to any identical issues between the various applications which were actually considered in preparing the decision.

In addition, this Court finds the ALJ's decision makes assumptions about Plaintiff's application choices which are unsupported by the record based on the legal standard of review. For example, in concluding Plaintiff was on notice of her opportunity to apply for Child Insurance Benefits as early as May of 1970 but chose not to assert them, the ALJ states: "*Assuming* that she received the standard notice of benefit terminations, she *would have been* on notice that she had the opportunity to apply for child disability benefits." AR at 15 (emphasis added). As revealed by the very language of the decision, the ALJ's conclusion is based on assumption and is unsupported by evidence. Similarly, the ALJ writes in the decision: "She filed her first application on April 29, 1974, when she was almost 25 years old. At the time she filed the application, the District Office that processed the application *would have ensured* that she had had [*sic*] filed for all the benefits to which she was eligible." AR at 15. This conclusion about Plaintiff's access to or knowledge of Child Insurance Benefits information is also unsupported by any evidence in the record.

The Court also notes the ALJ misapplied the presumption of continuing nondisability in finding *res judicata* barred the consideration of the period *before* April 29, 1974, the filing date of Plaintiff's first SSI application which resulted in a denial of benefits. A previous final determination of nondisability creates a presumption of continuing nondisability for any ***subsequent*** unadjudicated period of alleged disability. *See Lester v. Chater,* 81 F.3d 821, 827 (9th Cir. 1996); *see also Miller v. Hackler*, 770 F.2d 845, 848 (9th Cir.1985); *Lyle v. Secretary of Health and Human Services*, 700 F.2d 566, 568-69 (9th Cir. 1983). The Court has found no authority for applying the presumption of nondisability to an unadjudicated time period occurring *before* the denial of a claimant's application for benefits. Accordingly, the Court finds the ALJ's use of the presumption of nondisability for the

1 unadjudicated time period occurring before the denial of Plaintiff's application from 1974 as a further
2 basis for applying the principles of res judicata constitutes legal error.

### 5. Remand Is Recommended to Remedy Procedural and Legal Error

It is within the Court's discretion to decide whether to reverse and remand for further administrative proceedings or to reverse and award benefits. *McAlister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). Remand is appropriate where additional proceedings would remedy defects in the ALJ's decision, and where the record should be developed more fully. *Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir. 1990). In the instant case, the Court **RECOMMENDS** remand for further development of the record including the scheduling of an administrative hearing which was never held in this matter.

### IV.
### CONCLUSION AND RECOMMENDATION

For the reasons explained above, **IT IS HEREBY RECOMMENDED** the Court **GRANT** Plaintiff's motion for summary judgment, and **DENY** the Commissioner's cross-motion for summary judgment and **REMAND** this action for further administrative proceedings.

**IT IS ORDERED** that no later than **January 21, 2011**, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the court and served on all parties no later than **February 3, 2011**. The parties are advised that failure to file objections within the specified time may result in waiver of the right to raise those objections on appeal of the Court's order. See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); see also Martinez v. Ylst, 951 F.2d 1153, 1156 (9th Cir. 1991).

**IT IS SO ORDERED.**

DATED: January 6, 2011

_____
Hon. William McCurine, Jr.
U.S. Magistrate Judge, U.S. District Court