1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

# SOUTHERN DISTRICT OF CALIFORNIA

10

11  DONNA J. WILLARD,

12                                    Plaintiff,
          vs.
13

14  MICHAEL J. ASTRUE, Commissioner of
     Social Security,
15
                                    Defendant.
16

CASE NO. 09cv2689-LAB (WMc)

**ORDER ADOPTING IN PART REPORT AND RECOMMENDATION; AND**

**ORDER OF REMAND**

[Docket numbers 16–19.]

17          Plaintiff, an applicant for Social Security benefits, sought review of an administrative

18  decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g).  This matter

19  was referred to Magistrate Judge William McCurine for a report and recommendation.  After

20  receiving cross motions for summary judgment, Judge McCurine issued his report and

21  recommendation (the "R&R") on January 6, 2011.  The R&R recommended granting

22  Plaintiff's motion and remanding this matter to the Commissioner for further proceedings.

23          Defendant filed his objections to the R&R on January 24, 2011.  Objections were due

24  on January 21, but along with his late objections, Defendant also filed an *ex parte* application

25  for leave to file the objections late.  The application was unopposed, and for good cause

26  shown, it is **GRANTED**.  The objections are accepted as filed.  Plaintiff also filed a reply to

27  the objections.

28  / / /

1  I.      **Legal Standards for R&R**

2          A district court has jurisdiction to review a Magistrate Judge's report and

3  recommendation on dispositive matters.  Fed. R. Civ. P. 72(b).  "The district judge must

4  determine de novo any part of the magistrate judge's disposition that has been properly

5  objected to."  *Id*.  "A judge of the court may accept, reject, or modify, in whole or in part, the

6  findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).  The

7  standards for review of the Commissioner's decision, and the law governing benefits and *res*

8  *judicata* are set forth in the R&R.  These standards are uncontested and the Court adopts

9  them.

10  II.     **Discussion**

11          The background facts are uncontested and well known to the parties so the Court

12  does not repeat them in full here.  The central core of facts is as follows.  Plaintiff filed four

13  earlier applications for Supplemental Security Income, in 1974, 1976, 1979, and 1980.  The

14  first three were denied, and the last was granted, with a finding that she was disabled as of

15  that date.   Then in 2006, Plaintiff applied for Child's Insurance benefits based on the

16  eligibility of her late mother, who died in 1968.  The administrative law judge (ALJ ) denied

17  this application on the basis that *res judicata* prevented a finding that Plaintiff was disabled

18  before age 22.  Specifically, the ALJ found:

19          As a procedural matter, the claimant currently alleges a disability onset date
        of July 15, 1968.  However, the Administration determined that the claimant
20      was not disabled from January 1, 1974, (the claimant's alleged disability
        onset date in her first claim) through the date of the final determination in
21      1974 . . . .

22          In all four SSI applications, despite having had the opportunity to allege any
        disability onset date, the claimant failed to allege that she was disabled prior
23      to attaining age 22. It was not until she turned 58 years old that she first
        alleged that she was disabled prior to July 15, 1970.[1]

24

25  / / /

26  / / /

27

28  _____

    [1] Plaintiff turned 22 on this date, and in order to obtain the disability benefits she now
seeks, would have to establish an earlier onset date for her disability.

1
2
3

> Accordingly, based on the foregoing, the undersigned finds that the principles of res judicata bar any consideration of the period prior to April 29, 1974, the filing date of her first SSI application. Therefore, the claimant cannot be considered "disabled" prior to attaining age 22 and is not entitled to child's insurance benefits.

4 Administrative Record ("AR") at 16.

5 The R&R found the ALJ improperly relied on *res judicata* as a reason for denying

6 benefits, without adequate evidence that an identical issue was decided before. The R&R

7 pointed out the administrative record did not contain Plaintiff's earlier applications for

8 benefits, and the ALJ's decision didn't identify or cite to identical issues raised and decided

9 earlier.

10 The R&R also found that Plaintiff's disability in the period before April 29, 1974, the

11 date when she filed her first SSI application, was never adjudicated.

12 Defendant objects that although the original applications are no longer available, the

13 record does contain computer coded information summarizing Plaintiff's claims. According

14 to these records, Plaintiff alleged later onset dates, which wouldn't qualify her for the benefits

15 she now seeks. Defendant also objects that Plaintiff several times claimed an onset date

16 later than she now claims. Defendant also objects that the R&R's assumption should be that

17 Plaintiff did receive information about child's insurance benefits.

18 **A.      Objections Concerning Earlier Applications**

19 As the parties are aware, Plaintiff waited quite a long time to apply for benefits.

20 Defendant doesn't argue, however, for the application of laches or some other limitations

21 period. At the same time, it stands to reason that documentary evidence such as disability

22 applications from the 1970s would not be available. Summaries routinely made of the

23 applications before they were discarded or destroyed, however, can be presumed to be

24 correct. *See Postal Service v. Gregory*, 534 U.S. 1, 10 (2001) ("[A] presumption of regularity

25 attaches to the actions of government agencies.") The ALJ is therefore entitled to rely on

26 the summaries, if they meet other requirements for reliability.

27 At the same time, the summaries don't show what issues were presented in the

28 disability applications. *Res judicata* doesn't bar consideration of new issues, such as the

1    existence of impairments not considered in the previous application.  *Lester v. Chater*, 81

2    F.3d 821, 827 (9th Cir. 1995).  Therefore, if Plaintiff alleged disability because of different

3    impairments than she now relies on as the basis for her disability claim, the ALJ would be

4    wrong to apply *res judicata.*

5         Neither the most recent denial of benefits nor the parties discuss it, but the Ninth

6    Circuit has also said *res judicata* is not to be applied where the claimant was unrepresented

7    by counsel at the time of the earlier claim.  *Id*. at 827–28.

8         None of this means that *res judicata* is necessarily inapplicable.  Although Plaintiff's

9    motion for summary judgment asks that the claim be remanded for a decision on the merits,

10   and the R&R recommends granting this request, the Court cannot conclude that *res judicata*

11   could not be properly applied if the ALJ relied on other evidence.  Nor can the Court rule out

12   the possibility that there might be more evidence to support it following remand.  The ALJ

13   could, for example, ask Plaintiff on what basis she claimed disability in the 1970s, or, if she

14   does not know, what the possible bases for such claims would have been.  The ALJ could

15   also rely on her medical records as evidence of the possible bases for earlier claims of

16   disability.

17        While the summary records standing alone are insufficient to establish that *res*

18   *judicata* applies, they could be considered along with other evidence, as part of the analysis.

19   If, after considering the additional evidence, the ALJ determined *res judicata* did apply, the

20   ALJ need not reach the merits.  And even if *res judicata* doesn't apply, Plaintiff's earlier

21   statements in connection with her applications might still be considered as evidence.

22        **B.    Objections Concerning Notification of Possible Eligibility**

23        The R&R found the ALJ made unwarranted assumptions about what notifications

24   Plaintiff was given:

25   / / /

26   / / /

27   / / /

28   / / /

1   in concluding Plaintiff was on notice of her opportunity to apply for Child
2   Insurance Benefits as early as May of 1970 but chose not to assert them, the
    ALJ states: "*Assuming* that she received the standard notice of benefit
3   terminations, she *would have been* on notice that she had the opportunity to
    apply for child disability benefits." AR at 15 (emphasis added). As revealed
4   by the very language of the decision, the ALJ's conclusion is based on
    assumption and is unsupported by evidence. Similarly, the ALJ writes in the
5   decision: "She filed her first application on April 29, 1974, when she was
    almost 25 years old. At the time she filed the application, the District Office
6   that processed the application *would have ensured* that she had had [*sic*]
    filed for all the benefits to which she was eligible." AR at 15. This conclusion
7   about Plaintiff's access to or knowledge of Child Insurance Benefits
    information is also unsupported by any evidence in the record.

8   (R&R at 5:10–19.)

9       Because of the presumption of regularity, *Gregory*, 534 U.S. at 10, the ALJ may

10  assume that administration officials carried out their responsibilities properly.  There should

11  of course be a factual basis for determining that officials were charged with the responsibility

12  of giving notice or making sure claimants filed for all benefits for which they were eligible.

13  But if there is such a basis and the ALJ finds officials' duties did include these things, the

14  ALJ may assume officials did their duties properly, unless Plaintiff rebuts the presumption.

15          **C.    Dispute Concerning Unadjudicated Period**

16      The Plaintiff identified an "unadjudicated" period of time, *i.e.*, the period before April

17  29, 1974 when she first filed an application that resulted in denial of benefits.  She argued

18  that later denials don't result in a presumption that she was not disabled earlier.  The R&R

19  agreed with this argument, and noted that the presumption of nondisability does not apply

20  to an unadjudicated time period occurring before the denial of a claimant's application for

21  benefits.  (R&R at 5:26–28.)

22      This is correct, but only because *res judicata* normally applies to bar claims of

23  disability based on facts that existed earlier.  In other words, if a claimant is found not to be

24  disabled for particular reasons on a particular date, *res judicata* prevents her from raising the

25  same issues but arguing for an earlier onset date.  Here, Plaintiff was found nondisabled as

26  of April 29, 1974.  *Res judicata* need not bar her present claim, if she presents evidence

27  showing she was disabled on some other basis than the one(s) presented on April 29, 1974.

28  As noted, however, the basis for her April 29, 1974 application is presently unknown.  The

1   ALJ after considering additional evidence might therefore find *res judicata* bars Plaintiff's

2   present claim that she was disabled earlier.

3   **III.      Conclusion and Order**

4         While the Court agrees with the R&R's general reasoning and recommendation,

5   Defendant's objections have some merit as well.  As discussed in the previous section, the

6   objections are **SUSTAINED IN PART** and **OVERRULED IN PART**.  The Court **MODIFIES**

7   the R&R to include its reasoning, set forth above, and **ADOPTS** the R&R as modified.

8         This matter is **REMANDED** to the ALJ with instructions to reconsider Plaintiff's claim.

9   The evidence mentioned in the ALJ's denial of benefits, by itself, is an insufficient basis to

10  apply *res judicata*.  It does not follow, however, that *res judicata* is necessarily inapplicable.

11  If the ALJ is able to rely on other evidence showing *res judicata* applies, the ALJ may do so.

12  The ALJ may also consider and rely on any other bars to Plaintiff's claim.  If Plaintiff's claim

13  is not barred, the ALJ must render a decision on the merits.

14

15        **IT IS SO ORDERED**.

16  DATED:  September 26, 2011

17

18  **HONORABLE LARRY ALAN BURNS**
    United States District Judge

19

20

21

22

23

24

25

26

27

28

09cv2689