# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNA J. WILLARD,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>　　　　Defendant. | CASE NO. 09cv2689-LAB (WMc)<br><br>**ORDER ADOPTING IN PART REPORT AND RECOMMENDATION; AND**<br><br>**ORDER OF REMAND**<br><br>[Docket numbers 16–19.] |

Plaintiff, an applicant for Social Security benefits, sought review of an administrative decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). This matter was referred to Magistrate Judge William McCurine for a report and recommendation. After receiving cross motions for summary judgment, Judge McCurine issued his report and recommendation (the "R&R") on January 6, 2011. The R&R recommended granting Plaintiff's motion and remanding this matter to the Commissioner for further proceedings.

Defendant filed his objections to the R&R on January 24, 2011. Objections were due on January 21, but along with his late objections, Defendant also filed an *ex parte* application for leave to file the objections late. The application was unopposed, and for good cause shown, it is **GRANTED**. The objections are accepted as filed. Plaintiff also filed a reply to the objections.

/ / /

**I.  Legal Standards for R&R**

A district court has jurisdiction to review a Magistrate Judge's report and recommendation on dispositive matters. Fed. R. Civ. P. 72(b). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." *Id*. "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The standards for review of the Commissioner's decision, and the law governing benefits and *res judicata* are set forth in the R&R. These standards are uncontested and the Court adopts them.

**II.  Discussion**

The background facts are uncontested and well known to the parties so the Court does not repeat them in full here. The central core of facts is as follows. Plaintiff filed four earlier applications for Supplemental Security Income, in 1974, 1976, 1979, and 1980. The first three were denied, and the last was granted, with a finding that she was disabled as of that date. Then in 2006, Plaintiff applied for Child's Insurance benefits based on the eligibility of her late mother, who died in 1968. The administrative law judge (ALJ) denied this application on the basis that *res judicata* prevented a finding that Plaintiff was disabled before age 22. Specifically, the ALJ found:

> As a procedural matter, the claimant currently alleges a disability onset date of July 15, 1968. However, the Administration determined that the claimant was not disabled from January 1, 1974, (the claimant's alleged disability onset date in her first claim) through the date of the final determination in 1974 . . . .
>
> In all four SSI applications, despite having had the opportunity to allege any disability onset date, the claimant failed to allege that she was disabled prior to attaining age 22. It was not until she turned 58 years old that she first alleged that she was disabled prior to July 15, 1970.[1]

/ / /

/ / /

---

[1] Plaintiff turned 22 on this date, and in order to obtain the disability benefits she now seeks, would have to establish an earlier onset date for her disability.

1
2
3
> Accordingly, based on the foregoing, the undersigned finds that the principles of res judicata bar any consideration of the period prior to April 29, 1974, the filing date of her first SSI application. Therefore, the claimant cannot be considered "disabled" prior to attaining age 22 and is not entitled to child's insurance benefits.

4 Administrative Record ("AR") at 16.

5 The R&R found the ALJ improperly relied on *res judicata* as a reason for denying
6 benefits, without adequate evidence that an identical issue was decided before. The R&R
7 pointed out the administrative record did not contain Plaintiff's earlier applications for
8 benefits, and the ALJ's decision didn't identify or cite to identical issues raised and decided
9 earlier.

10 The R&R also found that Plaintiff's disability in the period before April 29, 1974, the
11 date when she filed her first SSI application, was never adjudicated.

12 Defendant objects that although the original applications are no longer available, the
13 record does contain computer coded information summarizing Plaintiff's claims. According
14 to these records, Plaintiff alleged later onset dates, which wouldn't qualify her for the benefits
15 she now seeks. Defendant also objects that Plaintiff several times claimed an onset date
16 later than she now claims. Defendant also objects that the R&R's assumption should be that
17 Plaintiff did receive information about child's insurance benefits.

18 **A.     Objections Concerning Earlier Applications**

19 As the parties are aware, Plaintiff waited quite a long time to apply for benefits.
20 Defendant doesn't argue, however, for the application of laches or some other limitations
21 period. At the same time, it stands to reason that documentary evidence such as disability
22 applications from the 1970s would not be available. Summaries routinely made of the
23 applications before they were discarded or destroyed, however, can be presumed to be
24 correct. *See Postal Service v. Gregory*, 534 U.S. 1, 10 (2001) ("[A] presumption of regularity
25 attaches to the actions of government agencies.") The ALJ is therefore entitled to rely on
26 the summaries, if they meet other requirements for reliability.

27 At the same time, the summaries don't show what issues were presented in the
28 disability applications. *Res judicata* doesn't bar consideration of new issues, such as the

existence of impairments not considered in the previous application. *Lester v. Chater*, 81 F.3d 821, 827 (9th Cir. 1995). Therefore, if Plaintiff alleged disability because of different impairments than she now relies on as the basis for her disability claim, the ALJ would be wrong to apply *res judicata.*

Neither the most recent denial of benefits nor the parties discuss it, but the Ninth Circuit has also said *res judicata* is not to be applied where the claimant was unrepresented by counsel at the time of the earlier claim. *Id*. at 827–28.

None of this means that *res judicata* is necessarily inapplicable. Although Plaintiff's motion for summary judgment asks that the claim be remanded for a decision on the merits, and the R&R recommends granting this request, the Court cannot conclude that *res judicata* could not be properly applied if the ALJ relied on other evidence. Nor can the Court rule out the possibility that there might be more evidence to support it following remand. The ALJ could, for example, ask Plaintiff on what basis she claimed disability in the 1970s, or, if she does not know, what the possible bases for such claims would have been. The ALJ could also rely on her medical records as evidence of the possible bases for earlier claims of disability.

While the summary records standing alone are insufficient to establish that *res judicata* applies, they could be considered along with other evidence, as part of the analysis. If, after considering the additional evidence, the ALJ determined *res judicata* did apply, the ALJ need not reach the merits. And even if *res judicata* doesn't apply, Plaintiff's earlier statements in connection with her applications might still be considered as evidence.

**B.     Objections Concerning Notification of Possible Eligibility**

The R&R found the ALJ made unwarranted assumptions about what notifications Plaintiff was given:

/ / /

/ / /

/ / /

/ / /

> in concluding Plaintiff was on notice of her opportunity to apply for Child Insurance Benefits as early as May of 1970 but chose not to assert them, the ALJ states: "*Assuming* that she received the standard notice of benefit terminations, she *would have been* on notice that she had the opportunity to apply for child disability benefits." AR at 15 (emphasis added). As revealed by the very language of the decision, the ALJ's conclusion is based on assumption and is unsupported by evidence. Similarly, the ALJ writes in the decision: "She filed her first application on April 29, 1974, when she was almost 25 years old. At the time she filed the application, the District Office that processed the application *would have ensured* that she had had [*sic*] filed for all the benefits to which she was eligible." AR at 15. This conclusion about Plaintiff's access to or knowledge of Child Insurance Benefits information is also unsupported by any evidence in the record.

(R&R at 5:10–19.)

Because of the presumption of regularity, *Gregory*, 534 U.S. at 10, the ALJ may assume that administration officials carried out their responsibilities properly. There should of course be a factual basis for determining that officials were charged with the responsibility of giving notice or making sure claimants filed for all benefits for which they were eligible. But if there is such a basis and the ALJ finds officials' duties did include these things, the ALJ may assume officials did their duties properly, unless Plaintiff rebuts the presumption.

### C.     Dispute Concerning Unadjudicated Period

The Plaintiff identified an "unadjudicated" period of time, *i.e.*, the period before April 29, 1974 when she first filed an application that resulted in denial of benefits. She argued that later denials don't result in a presumption that she was not disabled earlier. The R&R agreed with this argument, and noted that the presumption of nondisability does not apply to an unadjudicated time period occurring before the denial of a claimant's application for benefits. (R&R at 5:26–28.)

This is correct, but only because *res judicata* normally applies to bar claims of disability based on facts that existed earlier. In other words, if a claimant is found not to be disabled for particular reasons on a particular date, *res judicata* prevents her from raising the same issues but arguing for an earlier onset date. Here, Plaintiff was found nondisabled as of April 29, 1974. *Res judicata* need not bar her present claim, if she presents evidence showing she was disabled on some other basis than the one(s) presented on April 29, 1974. As noted, however, the basis for her April 29, 1974 application is presently unknown. The

ALJ after considering additional evidence might therefore find *res judicata* bars Plaintiff's present claim that she was disabled earlier.

### III.  Conclusion and Order

While the Court agrees with the R&R's general reasoning and recommendation, Defendant's objections have some merit as well.  As discussed in the previous section, the objections are **SUSTAINED IN PART** and **OVERRULED IN PART**.  The Court **MODIFIES** the R&R to include its reasoning, set forth above, and **ADOPTS** the R&R as modified.

This matter is **REMANDED** to the ALJ with instructions to reconsider Plaintiff's claim. The evidence mentioned in the ALJ's denial of benefits, by itself, is an insufficient basis to apply *res judicata*.  It does not follow, however, that *res judicata* is necessarily inapplicable. If the ALJ is able to rely on other evidence showing *res judicata* applies, the ALJ may do so. The ALJ may also consider and rely on any other bars to Plaintiff's claim.  If Plaintiff's claim is not barred, the ALJ must render a decision on the merits.

**IT IS SO ORDERED**.

DATED: September 26, 2011

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge